### NOBLE. v. CAREY.

*(Supreme Court, General Term, First Department. May 13, 1892.)*

1. ACCOMMODATION NOTE—TRANSFER—BONA FIDE HOLDER.

Where, as the consideration for the transfer before maturity of an accommodation note, the transferee pays a debt due by the payee to a third person, and cred its the balance on a debt of the payee to himself, he is a *bona fide* holder, to the extent of the amount paid such third person, and may recover that amount from tl.e maker.

2. SAME.

Where the transferee of an accommodation note takes the same under an agreement that he will hold it, and credit the amount, if paid on the payee's debt, to him, but afterwards, and before maturity of the note, makes another agreement with the payee, under which he pays a debt due by the payee to a third person, he is a *bona fide* holder of the note to the amount so paid, notwithstanding the first agreement.

Appeal from special term, New York county.

Action by William Noble against James F. Carey on a note. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*J. S. Ross*, for appellant. *J. H. V. Arnold*, for respondent.

VAN BRUNT, P. J. This action was brought to recover upon a promissory note made by the defendant to the order of one Blinn for the sum of $250, and which said Blinn indorsed and delivered to the plaintiff. The defendant admitted the making and delivery of the note to Blinn, and alleged that the said note was made by him for the accommodation of Blinn, and was delivered to said Blinn without any consideration whatever, and upon the express understanding and agreement with Blinn to have the same discounted, and procure cash therefor; and that instead of this Blinn delivered the note to the plaintiff without any consideration, and without procuring the cash for the same. The answer further denied that the plaintiff had parted with any value whatever for the note. Upon the trial, evidence upon the part of the defendant was offered tending to show that the circumstances under which the defendant gave the note to Blinn were as follows: That the latter went to him and asked him for a loan of $250; that defendant thereupon said to him that he did not have the money to spare at the time, and at Blinn's suggestion he gave him the note on which to raise the money, so that he could use the note and get the money on that, as it was not convenient for the defendant to get the money; that after Blinn had received the note he asked the plaintiff to discount it for him, which he declined to do, and replied that he would take it, and put it in his safe, and if paid at maturity he would give Blinn credit therefor, whereupon the note was indorsed by Blinn, and delivered to the plaintiff. Upon the part of the plaintiff evidence was given tending to show that Blinn came to the plaintiff's office with the note stating that he wanted him to discount it, as he owed the plaintiff's sister-in-law for board, and she had a lot of things belonging to him, and he wanted to pay her; that the plaintiff took the note, stating that he would investigate it, and, having received a favorable reply in regard to the note, he stated to Blinn that he would cash the note for him, and pay his sister-in-law, and the balance he would give him credit for on his account, to which Blinn assented, whereupon the plaintiff gave him the order for his furniture, and paid the sister-in-law $224.50, and gave Blinn credit for the balance on what he owed. It was testified by the plaintiff that this payment to the sister-in-law was made on the 16th of June. There was some evidence, however, given by the sister-in-law tending to show that the payment was made on the 10th of July. The issue thus presented was submitted to the jury, and the jury were charged

that, unless they were satisfied that this note was discounted, and the money advanced under the agreement that the money should be applied to the payment of Blinn's debt to the sister-in-law of the plaintiff, no recovery could be had; and that, in any event, no recovery could be had beyond the amount thus paid. Upon this issue the jury found a verdict in favor of the plaintiff, and from the judgment thereupon entered and from the order denying motion for new trial this appeal was taken. We find no error in the record which justifies a reversal of the judgment. The case was submitted to the jury more favorably for the defendant than perhaps the evidence warranted. By the request to charge it seems to have been assumed by the defendant that, if this note was delivered to the plaintiff prior to June 18th, under the agreement testified to on behalf of the defendant by Blinn, viz., that he would credit it to his account if it was paid, no recovery could be had. This clearly was error, because it was entirely immaterial as to what the original agreement between Blinn and the plaintiff was. If at any subsequent time an agreement was made by which the plaintiff discounted the note or advanced money upon the faith of it, he became from that time the holder for value. It appears from the verdict that the jury have found that the plaintiff has advanced $224.50 to Blinn, because the payment of Blinn's debt at his request by the plaintiff is equivalent to an advance of money by the plaintiff to Blinn; and this was all for which the plaintiff was allowed to recover; and he is clearly a holder for value to this extent. Without in any way discussing the question as to whether a recovery might not have been had under the circumstances for the whole amount of the note, it is sufficient that no error was committed, and the order and judgment should be affirmed, with costs.

All concur.